IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**DOROTHY DAUGHERTY-DAVIS,**

    **Plaintiff,**

**v.**	Case No. 4:17cv200-RH/CAS

**JEFFERSON B. SESSIONS,**

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION

This case, filed by Plaintiff pro se pursuant to Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq.*, the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634, and the Americans with Disabilities Act, 42 U.S.C. §§ 12112-12117, is before the Court upon Defendant's motion to dismiss Plaintiff's Third Amended Complaint for failure to state a claim for which relief can be granted. ECF Nos. 10, 17. Plaintiff was employed as a laundry foreman supervisor at the Federal Correctional Institution (FCI) in Tallahassee, Florida. *See* ECF No. 10 at 26. Defendant is the Attorney General of the United States in his official capacity as head of the Federal Bureau of Prisons.

**Claims in the Third Amended Complaint**

Plaintiff, who was a 53-year-old, African-American laundry foreman supervisor at FCI in Tallahassee, alleges that on June 11, 2014, she contacted Equal Employment Opportunity (EEO) Counselor Debra Willis after Plaintiff's employer failed to provide a work environment free from tobacco smoke. ECF No. 10 at 4-5, 21. She alleges that her employer knew of her hypersensitivity to cigarette/tobacco smoke due to her service-connected disabilities of asthma and allergic rhinitis.[1] She alleges that the agency failed to provide a reasonable accommodation for her disability, and further failed to comply with a prior 2009 written agreement to provide reasonable accommodation.[2] *Id.* at 5. Although not alleged within the complaint, documents attached to the complaint state that smoke would enter into the laundry through air conditioning ducts and the door when people smoked outside in the adjacent courtyard, and that she was not allowed to keep the door locked. ECF No. 10 at 19.

---

[1] Plaintiff's response states that she was hired as a disabled veteran and her disabilities were service-connected. ECF No. 27 at 14.

[2] Documents attached to the complaint indicate that a settlement agreement was reached in 2009 after she filed an EEOC complaint alleging harassment concerning her sensitivity to fumes. The document indicates that an agreement was reached after she was evaluated and diagnosed with asthma, vocal cord dysfunction, and other related conditions. The agreement stated that she would be notified if harmful chemicals were being used in the institution, and if they were near her location, she would be moved for several days until the fumes dissipated. ECF No. 10 at 29. A copy of the agreement was not submitted with the complaint.

She alleges that she met with Supervisor Brandy Rushing and Manuel Pulido, union staff, on March 17, 2014. Although she does not expressly state that the purpose of the meeting was to complain about the smoke, that is the reasonable inference from her allegations. She alleges that after meeting with Rushing and Pulido, from March 19, 2014, through April 3, 2015, she was repeatedly targeted by special investigative services staff Lt. Paul Fogt, Dan Clark, and Roxanne Nelson, and was accused of false policy violations. ECF No. 10 at 5. She further alleges that after she met with the EEO counselor on or about June 11, 2014, the hostile and accusatory actions continued, and she was confronted in her work area by management staff Milton Washington, Roxanne Nelson, and Dan Clark, in a hostile manner. *Id.* She alleges that on December 30, 2014, after she was confronted and threatened at her work site by a staff member, Kaleen Hillman, Plaintiff was issued a cease and desist letter. *Id.*

Plaintiff alleges that she was subjected to racial discrimination when white males were treated more favorably by the white female supervisor, Brandy Rushing, and "Spanish/White" male Ricardo Villarreal. *Id.* She further alleges that co-workers Whaley, Faircloth, and Hewett were hostile to her, which she reported to management without any relief. *Id.* at 6. She alleges that these co-workers were referred to as "my boys" by Supervisor

Villareal. *Id.* Plaintiff alleges she was supervised most of the time by young, white, inexperienced males, who she had previously reported for intentionally aggravating her known allergic conditions during the period 2012 through 2015. *Id.*

Plaintiff alleges that she filed an appeal on March 6, 2017, after the EEOC investigated and issued a final decision and right to sue letter.[3] *Id.*

**The Motion to Dismiss**

Defendant contends that Plaintiff's age discrimination claim is legally insufficient because she also alleged the discrimination was based on race, disability, and gender, thus, citing multiple motivations. ECF No. 17 at 5. For this reason, Defendant contends the facts alleged do not show that "but for" Plaintiff's age, she would not have suffered the alleged adverse

---

[3] Although not detailed in the allegations of the complaint, attachments to the complaint indicate that the full EEO investigation was done by Leigh van Zon, Resolution Services, LLC, and the case was received for investigation on January 22, 2015. ECF No. 10 at 25, 27. The events to be investigated were described as commencing on June 30, 2014. *Id.* at 24, 26. The documents indicate that the investigation was started on January 28, 2015, and completed on May 22, 2015, with a report issued June 23, 2015, to the EEO Officer. *Id.* at 27. A February 7, 2017, letter to Plaintiff from the U.S. Department of Justice (DOJ) Complaint Adjudication Office indicates the final decision of the DOJ was adverse to Plaintiff and informed her of her rights to appeal and to file a civil action. ECF No. 10 at 31. The letter attached to the Third Amended Complaint states in part: "Enclosed is the final Department of Justice decision which concludes that you were not denied reasonable accommodation, that she (sic) was subjected to harassment and to disparate treatment on the basis of disability, race, sex, age, or prior EEO participation." ECF No. 10 at 31. No report was attached to that letter, and a handwritten note on the letter, states: "This is the only Final Decision I've received." *Id.* Plaintiff's appeal from the adverse decision of the EEOC was dismissed after she filed this action. *See* ECF No. 10 at 31.

employer conduct. *Id.* at 6. Defendant notes that in support of her age discrimination claim, Plaintiff alleged only that young, white, inexperienced males supervised her. *Id.* at 6 (citing ECF No. 10 at 6). Defendant contends that Plaintiff failed to allege facts showing (1) direct evidence of discriminatory intent; (2) statistical proof of a pattern of discrimination; or (3) facts satisfying the McDonnell Douglas test.[4] *Id.* at 5. That test requires a Plaintiff to prove she is a member of a protected age group, was subject to an adverse employment action, a substantially younger person filled the position, and was qualified for the job. Liebman v Metropolitan Life Ins. Co., 808 F.3d 1294, 1298 (11th Cir. 2015).

Next, Defendant moves to dismiss Plaintiff's disability discrimination claim, contending that the facts alleged do not show that she suffered an adverse employment action or that, even if she did, it was solely by reason of her disability, as required by 29 U.S.C. § 794(a). ECF No. 17 at 7. Defendant contends that the facts alleged do not support a conclusion that Plaintiff was treated differently from similarly situated employees or that she was not provided a reasonable accommodation. ECF No. 17 at 9-10. Defendant also contends that Plaintiff's allegation that the agency failed to comply with a prior written agreement to provide an accommodation is not

---

[4] McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1983).

sufficient to prove that she was denied an accommodation for her alleged disability. *Id.* at 10-11. Defendant notes that there is no indication of the nature of the agreement or how or when the alleged violation occurred. *Id.* at 11.

Defendant also moves to dismiss any claim for gender discrimination because she has not identified anyone, similarly situated, who was treated more favorably, and because she fails to allege facts showing any adverse employment action. *Id.* at 12.

Defendant moves to dismiss Plaintiff's claim of a hostile work environment because she has not alleged facts showing that her workplace was permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive enough to alter the conditions of the Plaintiff's employment. *Id.* at 13-14. Defendant contends that Plaintiff's allegations are primarily conclusory, are not entitled to a presumption of truth, and do not show the frequency, severity, or humiliating nature necessary to state a claim. *Id.* at 14.

Lastly, Defendant contends that Plaintiff fails to state a claim for retaliation, and fails to allege that she was disciplined following any of the alleged investigations or that her job changed. ECF No. 17 at 15. Defendant argues that this claim should be dismissed because it shows

that any alleged retaliatory action occurred prior to the protected EEO activity. Id. at 16.

**Legal Standard**

A motion to dismiss for failure to state a claim upon which relief can be granted is properly brought under Rule 12(b)(6). For purposes of a Rule 12(b)(6) motion, the complaint's factual allegations, though not its legal conclusions, must be accepted as true. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Generally, the scope of the review must be limited to the four corners of the complaint. Speaker v. U.S. Dep't of Health, 623 F.3d 1371, 1379 (11th Cir. 2020). A motion to dismiss is not the vehicle by which the truth of a plaintiff's factual allegations should be judged. Instead, "federal courts and litigants must rely on summary judgment and control of discovery to weed out unmeritorious claims sooner rather than later." Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168-69 (1993).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678; *see also* Speaker, 623 F.3d at 1380.

A complaint "does not need detailed factual allegations." *Id.* Nor must a complaint allege with precision all the elements of a cause of action. *See* Swierkiewicz v. Sorema, 534 U.S. 506, 514-15 (2002) (rejecting the assertion that a Title VII complaint could be dismissed for failure to plead all the elements of a prima facie case). However, a conclusory recitation of the elements of a cause of action is not sufficient. A complaint must include more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.

**Analysis**

    **A.  Age Discrimination**

The Age Discrimination and Employment Act (ADEA) prohibits an employer from discriminating against an employee at least 40 years old on the basis of age. 29 U.S.C. §§ 623(a), 631(a). "When a plaintiff alleges disparate treatment, liability depends on whether the protected trait (under the ADEA, age) actually motivated the employer's decision. That is, the plaintiff's age must have actually played a role in the employer's decisionmaking process and had a determinative influence on the

outcome." Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 141 (2000) (quotations, citations, and alterations omitted).  Absent direct evidence of an employer's discriminatory motive, a plaintiff may establish her case through circumstantial evidence, using the burden-shifting framework established by the Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).  Summers v. Winter, 303 F. App'x 716, 718 (11th Cir. 2008) (unpublished) (citing Chapman v. Al Transport, 229 F.3d 1012, 1024 (11th Cir. 2000)); Liebman, 808 F.3d at 1298.  "Under this framework, the plaintiff may establish a *prima facie* case of "an ADEA violation . . . by showing that he (1) was a member of the protected age group, (2) was subjected to adverse employment action, (3) was qualified to do the job, and (4) was replaced by or otherwise lost a position to a younger individual" or that similarly situated younger employees were treated more favorably.  Summers, 303 F. App'x at 718.  Although the requirements for establishing a *prima facie* case do not govern pleading requirements for purposes of a motion to dismiss, Swierkiewicz, 534 U.S. at 510, the Plaintiff must allege sufficient factual content to show the claim is plausible on its face and allows the court to draw the reasonable

inference that the defendant is liable for the alleged misconduct.  Iqbal, 556 U.S. at 678.

Defendant is correct that to state a claim under the ADEA, the plaintiff must allege facts that would establish his or her age was the "but-for" cause of the adverse employment action.  See Liebman, 808 F.3d at 1298 (citing Gross v. FBL Fin. Servs, Inc., 557 U.S. 167, 176 (2009)).  Plaintiff alleged that she suffered adverse employment action not only due to age, but to race, disability, and gender.  ECF No. 10 at 4-6.  The facts alleged by Plaintiff are insufficient to show that she suffered an adverse employment action due to her age.  Plaintiff stated only that she was 53 years old and that she was supervised by young, white, inexperienced males.  ECF No. 10 at 6.  That allegation is insufficient to show discrimination.  Thus, Plaintiff's ADEA claim should be dismissed.

### B. Disability

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C. § 12132.  "A public entity shall make reasonable modifications in policies, practices, or procedures when the modifications are necessary to

avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity." 28 C.F.R. § 35.130(b)(7); Parrales v. Dudek, No. 4:15cv424-RH/CAS, 2015 WL 13373978, at *1-2 (N.D. Fla. Dec. 24, 2015).

A plaintiff may establish discrimination by showing the public entity refused to provide a reasonable accommodation for a disabled person. Schwarz v. City of Treasure Island, 544 F.3d 1201, 1212 n.6 (11th Cir. 2008). Such a claim requires Plaintiff to allege sufficient facts which allow the Court to draw the reasonable inference that she (1) is a qualified individual with a disability; (2) that she was either excluded from participation in or denied benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by a public entity; and (3) was discriminated against by reason of her disability. Bircoll v. Miami-Dade Cty., 480 F.3d 1072, 1083 (11th Cir. 2007). In addition, Plaintiff bears the burden of identifying an accommodation that would allow her to perform the job's essential functions. Lucas v. W.W. Grainger, Inc., 257 F.3d 1249, 1255-56 (11th Cir. 2001).

Plaintiff alleges that her employer knew of her previously-existing service-connected disabilities, which included asthma and allergic rhinitis,

that are triggered by exposure to cigarette smoke and other fumes.  This is sufficient to meet the first element of her ADA claim.  She alleges that she met with her supervisor and a union representative in March 2014, and contacted EEO Counselor Debra Willis in June 2014.  According to her allegations, this meeting occurred after FCI failed to provide a work environment free from tobacco smoke.  ECF No. 10 at 4-5.  She alleges that she appealed from the final decision of the EEO and right to sue letter issued on February 7, 2017.  *Id.* at 5.

    A complaint "does not need detailed factual allegations."  Speaker, 623 F.3d at 1380.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  Reasonable inferences may be drawn from her allegations that, despite her request for a reasonable accommodation that her employer keep smoke from entering her workplace, her employer failed to take steps to prevent persons from smoking close to Plaintiff's place of employment, the laundry, or to prevent smoke from entering her workplace.[5]  ECF No. 10 at 4-5.

---

[5] Although not alleged in any detail in the body of the complaint, a request for EEO counseling attached to the complaint states that smoke was often drawn into the laundry through the air conditioning ducts and when the laundry door was opened.  The request stated that she was prohibited from keeping that door locked, thus could not prevent the smoke from entering, and that her employer failed or refused to require

This is sufficient to meet the second element of her ADA claim and satisfy the requirement that she identify a reasonable accommodation. The allegations supporting this claim, while not highly detailed, are not simply legal conclusions and are sufficient to allege a claim for a violation of the ADA. The motion to dismiss the ADA claim should be denied.[6]

### C. Gender Discrimination

Defendant moves to dismiss Plaintiff's claim "to the extent that she claims gender discrimination." ECF No. 17 at 11-12. As to gender, Plaintiff alleges in the complaint that she was "treated hostile by some of the male co-workers" and that "young, white, inexperienced males in Trust Fund supervised myself." ECF No. 10 at 6. She alleged those males were referred to as "my boys" by supervisor Villareal. Plaintiff also alleged racial discrimination, stating, "I was subject to racial discrimination in department when white males were treated more favorably by white female supervisor

---

persons not to smoke in the areas from which smoke migrated into Plaintiff's workplace. ECF No. 10 at 18-19.

  [6] Lack of detail in Plaintiff's allegations concerning a 2009 agreement that would have required accommodation to limit Plaintiff's exposure to fumes does not require dismissal of her claims about conditions and actions occurring in 2014-2015. (ECF No. 10 at 5, 29).

Brandy Rushing, and Spanish/White male Ricardo Villarreal."[7]  ECF No. 10 at 5.  *Id.*

The Equal Protection Clause of the Constitution prohibits intentional race and gender discrimination in public employment.  <u>Williams v. Consolidated City of Jacksonville</u>, 341 F.3d 1261, 1269 (11th Cir. 2003. Title VII of the Civil Rights Act of 1964, as codified in 42 U.S.C. §§ 2000e *et seq.*, provides that it is an "unlawful employment practice" to "fail or refuse to hire or discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e–2(a)(1).  Under Title VII, the plaintiff bears the burden of proving the employee's unlawful discrimination.  <u>Hinson v. Clinch County, Ga. Bd. of Educ.</u>, 231 F.3d 821, 827 (11th Cir. 2000).

"Focusing on the statutory language of Title VII, 42 U.S.C. § 2000e-2(a)(1), the Supreme Court has, in recent years, begun to place renewed emphasis on what it means to be discriminated against "because of . . . sex."  *See* <u>Oncale v. Sundowner Offshore Servs., Inc.</u>*,* 523 U.S. 75, 80-81

---

[7] Defendant does not address Plaintiff's claim of racial discrimination in the motion to dismiss.

(1998) (stressing that "[t]he critical issue . . . is whether members of one sex are exposed to disadvantageous terms or conditions of employment to which members of the other sex are not exposed") (quoting <u>Harris v. Forklift Sys., Inc.</u>, 510 U.S. 17, 25 (1993) (Ginsburg, J., concurring))." *See also* <u>Pipkins v. City of Temple Terrace, Fla.</u>, 267 F.3d 1197, 1200 (11th Cir. 2001).

Here, Plaintiff's allegations do not demonstrate that anyone similarly situated was treated more favorably or that Plaintiff suffered any adverse employment action due to her gender.  The complaint alleges only that Plaintiff was supervised by males and was on occasion treated in a hostile manner by males.  She does not allege any facts showing she suffered an adverse employment action, nor does she allege facts showing that the alleged "hostile treatment" was due to gender.  Her factual allegations were conclusory only and are insufficient.  Thus, this claim for gender discrimination should be dismissed.

### D.  Retaliation and Hostile Work Environment

Plaintiff has alleged that her work environment became hostile after she met with her supervisor and a union representative concerning her need for a reasonable accommodation.  She alleged that the hostile and

retaliatory conduct continued from March 17, 2014, through the time of her June 2014 meeting with the EEO counselor to April 2015.  ECF No. 10 at 5.

The Eleventh Circuit has recognized a cause of action for retaliatory hostile work environment.  <u>Gowski v. Peake</u>, 682 F.3d 1299, 1312 (11th Cir. 2012).  In doing so, the Court noted that every other circuit has recognized such a claim.  *Id.* at 1311.  The Court stated:

> Given Congress's intention to strike at the entire spectrum of disparate treatment of men and women in employment, which includes requiring people to work in a discriminatorily hostile or abusive environment, it makes sense to construe the qualifier (regarding "compensation, terms, conditions, or privileges of employment") broadly.  On that basis, the verb "discriminate," as used in section 2000e–2(a)(1), logically includes subjecting a person to a hostile work environment . . . .  Title VII's anti-retaliation provision . . . directs an employer not to discriminate against any employee "because [the employee] has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]." 42 U.S.C. § 2000e–3(a).  Here, the term "discriminate" appears without the qualifier.  A familiar canon of construction teaches that a term appearing in several places in a statutory text is generally read the same way each time it appears.  We apply that canon here. The result: the verb "discriminate" in the anti-retaliation clause includes subjecting a person to a hostile work environment.

<u>Gowski</u>, 682 F.3d at 1312 (quoting <u>Noviello v. City of Boston</u>, 398 F.3d 76, 89-90 (1st Cir. 2005) (internal quotation marks and citations omitted)).

In order to establish a prima facie case of retaliation, "a plaintiff must show that (1) she engaged in statutorily protected conduct; (2) she suffered

an adverse employment action; and (3) there was a causal link between the two." <u>Gowski</u>, 682 F.3d at 1311.  To be actionable, the harassment must be "severe or pervasive" and the behavior must result in an environment that a reasonable person would find hostile or abusive and which the victim subjectively perceives to be abusive.  <u>Miller Kenworth of Dothan, Inc</u>., 277 F.3d 1269, 1276 (11th Cir. 2002).

"In evaluating the objective severity of the harassment, this court looks at the totality of the circumstances and considers, among other things: '(1) the frequency of the conduct; (2) the severity of the conduct; (3) whether the conduct is physically threatening or humiliating, or a mere offensive utterance; and (4) whether the conduct unreasonably interferes with the employee's job performance.' " <u>Gowski v. Peake</u>, 682 F.3d 1299, 1312 (11th Cir. 2012).

Defendant moves to dismiss Plaintiff's claim for hostile work environment and retaliation, contending that Plaintiff failed to identify any conduct or actions that are sufficiently pervasive and severe to alter the conditions of employment or create a hostile work environment.  ECF No. 17 at 14.  Defendant is correct.  Plaintiff alleges in conclusory fashion only that she was confronted and threatened by hostile staff members.  She did not specify how frequent, severe, or humiliating the conduct was, did not

clarify what the conduct was, and did not explain how it interfered with her employment.  Plaintiff did not allege facts showing that the hostile environment or retaliatory conduct interfered with her ability to pursue her EEO remedies.  She alleged that she met with her supervisor and a union representative, she met with an EEO counselor, she was provided a full EEO investigation, and she filed an appeal from the result of her EEO investigation, but short-circuited that appeal by filing this action.

Plaintiff alleges several instances of discrete conduct, including investigation for false accusation of violation of a policy, issuance of a cease and desist letter, receipt of unspecified unfavorable treatment, and exposure without notice to paint and adhesive fumes.  ECF No. 10 at 5-6.  Discrete acts alone cannot form the basis of a hostile work environment claim, but can be considered collectively to determine if the intimidation and ridicule are severe and pervasive enough to alter Plaintiff's working conditions.  Gowski, 682 F.3d at 1312-13.  These several discrete acts are not sufficient to render sufficient the conclusory allegations of severe and pervasive hostile work environment.[8]

---

[8] Although not all of the dates of the alleged retaliatory or hostile conduct are specified in the complaint, a substantial portion of it was alleged to have occurred prior to her protected EEO activity.

Although Plaintiff is not required to allege a claim in excruciating detail, "the allegations must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Iqbal, 556 U.S. at 678. The allegations in support of Plaintiff's claim of hostile work environment and retaliation fail this test and should be dismissed.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that the motion to dismiss, ECF No. 17, be **GRANTED in part** and **DENIED in part**, as follows: That the motion to dismiss Plaintiff's ADA claim for failure to provide a reasonable accommodation be **DENIED;** but that the motion to dismiss Plaintiff's claims for age discrimination, gender discrimination, retaliation and hostile work environment be **GRANTED**. It is further **RECOMMENDED** that the case be remanded for further proceedings on Plaintiff's ADA claim and racial discrimination claim, and Defendant be directed to file an answer within ten (10) days of the date an Order is entered adopting this Report and Recommendation.

**IN CHAMBERS** at Tallahassee, Florida, on July 13, 2018.

                                         s/ Charles A. Stampelos
                                         **CHARLES A. STAMPELOS**
                                         **UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**