IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DOROTHY DAUGHERTY-DAVIS,

    Plaintiff,

v.                                       CASE NO. 4:17cv200-RH/CAS

JEFFERSON B. SESSIONS,

    Defendants.

_____/

**ORDER DISMISSING THE THIRD
AMENDED COMPLAINT IN PART**

    This is an employment case. The plaintiff is proceeding pro se, that is, without an attorney. She is an employee of the Bureau of Prisons. In the third amended complaint, the plaintiff alleges she has a disability—a breathing condition—and that the Bureau failed to provide a smoke-free working environment as an accommodation. The plaintiff also alleges that she was mistreated because of her age, race, and gender. Finally, the plaintiff alleges she suffered retaliation for complaining about these violations.

    As proper for a claim of discrimination by the Bureau, the defendant is the Attorney General. He has moved to dismiss for failure to state a claim on which

relief can be granted. The motion is before the court on the magistrate judge's report and recommendation, ECF No. 32. No objections have been filed.

To survive a motion to dismiss for failure to state a claim, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). For purposes of a motion to dismiss, the complaint's factual allegations, though not its legal conclusions, must be accepted as true. *Id.*; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pro se plaintiff must meet these standards but is not expected to plead with the precision that might be expected of an attorney.

The report and recommendation correctly concludes that the third amended complaint states a claim on which relief can be granted for failure to accommodate a disability. The discussion of this issue in the report and recommendation is adopted.

On the age claim, the defendant begins with a misunderstanding of basic pleading rules. The defendant asserts that an age claim must be dismissed if a plaintiff alleges she suffered the mistreatment at issue not just because of age but also on a different prohibited basis—for example, based on race or gender. That is wrong. First, it is true that an employee has no claim under the Age Discrimination in Employment Act if the employee would have suffered the same mistreatment

anyway for a different, *nondiscriminatory* reason. *See, e.g.*, *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 176 (2009). Even so, one might well doubt that an employee who suffers discrimination based on both age and race or gender has no ADEA claim. Second, in an employment case, just as in any other case, a plaintiff may plead in the alternative, regardless of consistency. *See* Fed. R. Civ. P. 8(d)(2) & (3). The defendant has not admitted that the plaintiff suffered discrimination based on race or gender, so it has not been established at this point that that occurred. The plaintiff may claim alternatively that she suffered age and race and gender discrimination, and she may recover if she proves any one of those.

To avoid dismissal of an age- or race- or gender-discrimination claim, the plaintiff must allege facts showing she suffered harm that was both based on the prohibited characteristic and sufficiently serious. Harm is sufficiently serious if it rises to the level of either an adverse employment action—an action with tangible consequences, *see Davis v. Town of Lake Park, Fla.*, 245 F.3d 1232, 1238-39 (11th Cir. 2001)—or a hostile environment. A hostile environment consists of mistreatment "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1275 (11th Cir. 2002) (*quoting Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)).

Here the plaintiff cryptically alleges failure to promote, but she does not allege that she applied for and failed to receive a promotion to a position that she has identified specifically or even generally, by category or other description. Nor does the plaintiff allege she would have received any promotion but for her age or race or gender. The plaintiff also has not alleged any other adverse employment action as that term is used in *Davis* and similar cases.

In support of her hostile-environment claim, the plaintiff has not alleged facts that, if proven, would establish severe mistreatment. She has, however, alleged mistreatment that was pervasive. And while the third amended complaint lacks the precision that one might hope for from an attorney, it adequately alleges that the pervasive mistreatment was based on age or race or gender. The third amended complaint states a hostile-environment claim on which relief can be granted.

This leaves for consideration the retaliation claim. In *Burlington Northern & Santa Fe Railway Co. v. White*, 548 U.S. 53 (2006), the Supreme Court held that retaliation is actionable if it "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." 548 U.S. at 68 (quoting *Rochon v. Gonzales*, 438 F.3d 1211, 1219 (D.C. Cir. 2006)). As this statement makes clear, mistreatment need not meet the higher severe-or-pervasive standard that applies to hostile-environment claims based on age or race or gender. Properly read, *Gowski*

*v. Peake*, 682 F.3d 1299, 1312 (11th Cir. 2012), is not to the contrary. That case applied the severe-or-pervasive standard, but neither side argued at trial or on appeal for a different standard; without objection, the jury instructions used that standard, and the issue on appeal was simply whether the evidence was sufficient to support the verdict under the instructions as given without objection. In short, the standard that governs a hostile-environment retaliation claim, like the standard governing any other retaliation claim under the federal employment statutes, is the *Burlington Northern* standard.

Based on this standard, the third amended complaint states a retaliation claim on which relief can be granted.

For these reasons,

IT IS ORDERED:

1. The report and recommendation is accepted in part.

2. The motion to dismiss, ECF No. 17, is granted in part and denied in part. Any failure-to-promote claim is dismissed. The other claims are not dismissed.

3. The case is remanded to the magistrate judge for further proceedings.

SO ORDERED on September 10, 2018.

                                            s/Robert L. Hinkle
                                            United States District Judge